UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>    Defendants. | 1:19-cv-01797-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**(ECF No. 3.)**<br><br>**ORDER GRANTING MOTION FOR EXCEPTION TO THE 25-PAGE LIMIT FOR THE COMPLAINT FILED ON DECEMBER 26, 2019**<br>**(ECF No. 4.)**<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION**<br>**(ECF No. 5.)** |

**I.    BACKGROUND**

Plaintiff Nathaniel Marcus Gann ("Gann") and fourteen co-plaintiffs[1] are all prisoners proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff Gann is proceeding *in forma pauperis*. The Complaint commencing this action was filed on December 26, 2019. (ECF No. 1.)

---

[1] The fifteen named plaintiffs are (1) Nathaniel Marcus Gann, (2) Melvin Hiram Thomas, (3) David E. Phillips, (4) Jose Reyes, (5) Alton King, (6) John F. Weston, (7) Larry Eugene Boyce, (8) Michael Warsek, (9) Manfred Schockner, (10) Matthew Wilke Morgan, (11) Thomas Michael Joseph Fox, (12) Jeramie Prier, (13) Carlos Rodolfo Marroquin, (14) Oscar Zalaya, and (15) Vladimir R. Ebel. All of the plaintiffs are presently incarcerated at Valley State Prison in Chowchilla, California, and all of the plaintiffs signed the Complaint. (ECF No. 1 at 4, 28-29.)

1

On December 26, 2019, Plaintiff Gann filed a motion for appointment of counsel, motion for exception to the 25-page limit for the Complaint, and motion for class certification.[2] (ECF Nos. 3, 4, 5.)

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff Gann argues that this case is meritorious, the plaintiffs' incarceration limits their ability to litigate, the facts of the case will be disputed, and the case is complex. At this early stage in the proceedings, the court cannot make a determination that the plaintiffs are likely to succeed on the merits. Plaintiffs filed the Complaint on December 26, 2019, less than two weeks ago, and the Complaint awaits the Court's screening required by 28 U.S.C. § 1915. Thus, to date the Court has not found any cognizable claims in the Complaint for which to initiate service of

---

[2] Plaintiff Gann indicates that he represents all of the plaintiffs and has signed and filed each motion on behalf of all of the plaintiffs. (ECF No. 3 at 4:7-10; ECF No. 4 at 1:21-23; ECF No. 5 at 3:9-12.) Plaintiff Gann does not have the authority to file documents on behalf of his co-plaintiffs. *Pro se* litigants have no authority to represent anyone other than themselves. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (parent or guardian cannot bring suit on behalf of minor child); Cato v. United States, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987) (trustee cannot represent trust); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-attorney party may not represent other plaintiffs).

process, and no other parties have yet appeared. Moreover, based on a review of the record in this case, the Court finds that plaintiffs can adequately articulate their claims. Accordingly, for the foregoing reasons, the motion for the appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### III. MOTION FOR EXCEPTION TO THE 25-PAGE LIMITATION

Plaintiff Gann requests that the court make an exception in this case to the twenty-five-page limit for the Complaint pursuant to the e-filing order. In support of his request, Plaintiff Gann asserts that this case has more than ten plaintiffs, spans three years of incidents and contains five causes of action. Plaintiff Gann states that despite the preparer's best efforts, the Complaint is twenty-nine pages long, which is four pages over the limit. Plaintiff requests that an exception be made to allow the extra four pages of the Complaint.

Good cause appearing, Plaintiff's request shall be granted for the Complaint filed on December 26, 2019.

### IV. MOTION FOR CLASS CERTIFICATION

Plaintiff Gann requests that this case be certified as a class action because all of the plaintiffs are in the custody of the California Department of Corrections and Rehabilitation (CDCR) and participate in the Kosher Diet Program as a means to follow sincerely held religious beliefs. Plaintiff Gann estimates that there are 1,800 class members housed at various CDCR correctional institutions across California who are not free to communicate, and there are common questions of law at all of the CDCR institutions.

The plaintiffs in this action are all non-lawyers proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding *pro se*. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, none of the plaintiffs can "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). A plaintiff's privilege to appear *in propria persona* is a "privilege ... personal to him. He has no authority to appear as an attorney for others

than himself." McShane, 366 F.2d at 288 (citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962)); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by multiple plaintiffs. Therefore, the request to proceed with a class action shall be denied.

**V.    CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff Gann's motion for appointment of counsel, filed on December 26, 2019, is DENIED without prejudice;
2. Plaintiff Gann's request for an exception to the 25-page limit for the Complaint, 2019, is GRANTED as to the Complaint filed on December 26, 2019; and
3. Plaintiff Gann's motion for class certification, filed on December 26, 2019, is DENIED.

IT IS SO ORDERED.

Dated:   **January 6, 2020**               /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE