UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>　　　　Defendants. | 1:19-cv-01797-DAD-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER (ECF No. 44.)**<br><br>**ORDER EXTENDING DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES**<br><br>**NEW DEADLINES FOR ALL PARTIES**<br><br>　**New Discovery Deadline**: March 21, 2022<br><br>　**New Dispositive Motions Deadline**: May 20, 2022 |

**I.　BACKGROUND**

　　Plaintiff Nathaniel Marcus Gann is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on February 7, 2020 against Defendants Warden Raythel Fisher, Jr., Dining Hall Officer Paez, and Culinary Staff Members Anguiano, Chapas, Lucero, Marquez, Cruz, and Moosebaur for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, and adverse conditions of confinement in violation of the Eighth Amendment; against Defendants Warden Raythel Fisher, Jr., and Moosebaur for failure

to protect Plaintiff in violation of the Eighth Amendment; and against Defendant Moosebaur for retaliation in violation of the First Amendment.  (ECF No. 20.)[1]

On August 24, 2021, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of January 24, 2022 and a dispositive motions filing deadline of March 24, 2022.  (ECF No. 36.)  On January 14, 2022, Plaintiff filed a motion to modify the Scheduling Order.  (ECF No. 44.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff requests extension of the discovery schedule because a Covid modified program was instituted at the prison due to an outbreak, the law library is not currently available, and some of Plaintiff's records are still in storage at Valley State Prison.  Plaintiff reports that he has spoken to defense counsel who does not object to extension of the discovery deadline.

The court finds good cause to grant Plaintiff's motion and shall extend the deadlines for discovery and the filing of dispositive motions for all parties.  Therefore, Plaintiff's motion to modify the deadlines in the scheduling order shall be granted.

## III.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to modify the court's Discovery and Scheduling Order, filed on January 14, 2022, is GRANTED;

---

[1] On June 7, 2021, the court issued an order dismissing all other claims and defendants from this case, for Plaintiff's failure to state a claim.  (ECF No. 30.)

2. The deadline for conducting discovery is extended to **March 21, 2022**, for all parties;

3. The deadline for filing dispositive motions is extended to **May 20, 2022**, for all parties; and

4. All other provisions of the court's August 24, 2021 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **January 18, 2022**                    /s/ Gary S. Austin
                                                 UNITED STATES MAGISTRATE JUDGE