UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>　　　　Defendants. | 1:19-cv-01797-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY UNDER RULE 56, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION WITHIN THIRTY DAYS**<br>**(ECF No. 52.)**<br><br>**THIRTY-DAY DEADLINE** |

**I.　BACKGROUND**

Plaintiff Nathaniel Marcus Gann is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint, filed on February 7, 2020, against Defendants Warden Raythel Fisher, Jr., Dining Hall Officer Paez, and Culinary Staff Members Anguiano, Chapas, Lucero, Marquez, Cruz, and Moosebaur for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, and adverse conditions of confinement in violation of the Eighth Amendment; against Defendants Warden Raythel Fisher, Jr., and Moosebaur for failure to protect Plaintiff in violation of the Eighth Amendment; and against Defendant Moosebaur for retaliation in violation of the First Amendment. (ECF No. 20.)[1]

On August 24, 2021, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of January 24, 2022 and a

---

[1] On June 7, 2021, the court issued an order dismissing all other claims and defendants from this case, for Plaintiff's failure to state a claim. (ECF No. 30.)

1

dispositive motions filing deadline of March 24, 2022. (ECF No. 36.) The current deadlines for discovery and the filing of dispositive motions are March 22, 2022 and May 20, 2022, respectively, pursuant to the court's order issued on January 19, 2022. (ECF No. 46.) This case is currently in the discovery phase.

On January 28, 2022, Defendants filed a motion for summary judgment, which is pending. (ECF No. 49.) On February 22, 2022, Plaintiff filed a motion for stay of all proceedings in this case, with exception to discovery proceedings. (ECF No. 52.) The undersigned construes this request as having been brought pursuant to Federal Rule of Civil Procedure 56(d).

## II.     RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 56(d) provides that the court may defer or deny ruling on a summary judgment motion where the non-moving party shows by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006).

In her motion for stay, Plaintiff asserts that counsel for Defendants failed to respond to Plaintiff's first set of discovery requests, and provided only a boilerplate response to the second set of production for documents. Plaintiff reports that Plaintiff has not yet received the information to combat the legal sufficiency of the case, or the motion for summary judgment. Plaintiff also requests leave to conduct additional discovery.

Plaintiff alleges that Plaintiff has found serious omissions in the declaration of Howard E. Mosely, Defendants' witness from the Office of Appeals, in support of Defendants' motion for summary judgment. (ECF No. 49-2.) Plaintiff states that as a result of the omissions, Plaintiff lacks "fundamental facts that directly dispute the foundation of the motion for summary judgment." (ECF No. 52 at 3:8-9.) Plaintiff requests time to serve interrogatories upon Mr. Mosely.

It is unclear whether Plaintiff is claiming that Plaintiff only requires further discovery to oppose the pending summary judgment related to administrative exhaustion, or whether Plaintiff

also requires discovery regarding the merits of this case. Plaintiff's motion for stay does not show the specific reasons Plaintiff cannot present essential facts, nor does it identify the specific facts that further discovery would reveal.

In seeking relief under Rule 56(d), the moving party bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Uhuru v. Singh, No. 2:20-CV-01664-TLN-KJN-P, 2021 WL 5867463, at *5–6 (E.D. Cal. Dec. 10, 2021), report and recommendation adopted, No. 2:20-CV-01664-TLN-KJN, 2022 WL 229873 (E.D. Cal. Jan. 26, 2022) (citing Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted)). In the motion to stay, Plaintiff provides no information regarding any allegedly exhausted grievance, such as when it was filed, or the grievance number. In their motion for summary judgment, Defendants argue that beginning on December 12, 2016, through December 16, 2019, the date Plaintiff initiated this action, there is no record of Plaintiff submitting any grievances regarding the Jewish Kosher Diet Program, or any of Plaintiff's other claims in this case that were exhausted to the final level of appeal. Accordingly, Plaintiff's motion to stay Defendants' summary judgment motion in order to conduct discovery shall be denied, without prejudice to renewal of the motion within thirty days in order to afford Plaintiff an opportunity to address the courts concerns as set forth above.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for stay of all proceedings in this case, with exception of discovery, filed on February 22, 2022, is DENIED, without prejudice to renewal of the motion within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated:  **February 24, 2022**             **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

3