1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NATHANIEL MARCUS GANN,                  No.  1:19-CV-01797-ADA-GSA (PC)

12                 Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                             FOR RECONSIDERATION OF ORDER
13         v.                                 GRANTING DEFENDANTS' MOTION FOR
                                             SUMMARY JUDGMENT
14   VALLEY STATE PRISON, et al.,
                                             (ECF No. 68)
15                 Defendants.

16

17         Plaintiff Nathaniel Marcus Gann ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

18  *forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 27, 2022,

19  the Court granted Defendants' motion for summary judgment based on Plaintiff's failure to exhaust

20  administrative remedies, judgment was entered, and the case was closed.  (ECF Nos. 66, 67.)

21         On November 30, 2022, Plaintiff filed a motion for rehearing and notice of intent to appeal.

22  (ECF No. 68.)  The Court construes Plaintiff's motion for rehearing as a request for reconsideration

23  of the order issued on October 27, 2022.

24  **I.        MOTION FOR RECONSIDERATION**

25         The Court may grant reconsideration of a final judgment under Federal Rules of Civil

26  Procedure 59(e) and 60.   Generally, a motion for reconsideration of a final judgment is

27  appropriately brought under Rule 59(e).  *Harris v. Placer Cnty. Jail*, No. 219CV01139MCEDMC,

28  2020 WL 6498966, at *1 (E.D. Cal. July 6, 2020) (citing *see Backlund v. Barnhart*, 778 F.2d 1386,

                                             1

1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458-59 (9th Cir. 1995)).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] *Harris*, 20 WL 6498966, at *1 (citing *see Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id*. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon

---

[1]  Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for *pro se* prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1    such prior motion, or what other grounds exist for the motion."

2          "A motion for reconsideration should not be granted, absent highly unusual circumstances,

3    unless the district court is presented with newly discovered evidence, committed clear error, or if

4    there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos*

5    *Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "A party seeking reconsideration must

6    show more than a disagreement with the Court's decision, and recapitulation of the cases and

7    arguments considered by the court before rendering its original decision fails to carry the moving

8    party's burden." *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To

9    succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to

10   reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656,

11   665 (E.D. Cal. 1986).

12         At the outset, the Court finds Plaintiff's motion timely under Rules 59(e) and Rule 60.  The

13   case was dismissed on October 27, 2022, (ECF No. 66), and Plaintiff's motion for reconsideration

14   was delivered to prison authorities for mailing twenty-seven days later on November 23, 2022.

15   (ECF No. 68 at 4.)

16         Plaintiff objects to the Court's decision to grant Defendants' motion for summary judgment

17   on October 27, 2022, because Plaintiff believes the Court relied on faulty information.   First, he

18   argues that his first administrative appeal was improperly cancelled, the cancellation was

19   exhausted, and then there were no further remedies available under CDCR regulations. Second, he

20   argues that the follow-up appeal was improperly rejected as duplicative.  Finally, he argues that his

21   original group appeal should not have been cancelled in the first place.

22         Plaintiff does not present the Court with any newly discovered evidence or shows that the

23   Court committed clear error in its ruling.  Nor does he point to any intervening change in controlling

24   law.  Instead, Plaintiff merely disagrees with the Court's decision and recapitulates what was

25   already considered by the Court in rendering its decision.  Accordingly, Plaintiff fails to show any

26   reason that the Court should reconsider its prior order, and the Court will deny his motion for

27   reconsideration.

28   **II.    CONCLUSION**

Accordingly,

1.  Plaintiff's motion for reconsideration, (ECF No. 68), filed on November 30, 2022, is DENIED.

IT IS SO ORDERED.

Dated:   January 30, 2023

_____
UNITED STATES DISTRICT JUDGE

4